■ DAVID MERRICK, Appellant, v FOUR STAR STAGE LIGHTING, INC., et al., Respondents.—Order, Supreme Court, New York County, entered February 23, 1977, granting defendants' motion for a protective order striking portions of notice seeking production of documents at examination before trial, and denying plaintiff's cross motion for sanctions, is unanimously affirmed. Respondents shall recover of appellant $40 costs and disbursements of this appeal. The stipulation made on the record at the examination before trial refutes any claim of waiver of the right to object to the notice for production of documents. The Special Term did not abuse its discretion in granting defendants' motion to the extent that it did and in denying plaintiff's cross motion. While the description of the portions stricken as "documents not relevant to this action" is obviously unspecific, it is taken care of as a practical matter in this case by the authority of the court, expressly restated by the Special Term, "to supervise all phases of pre-trial disclosure." Concur—Kupferman, J. P., Birns, Silverman and Lane, JJ.

■ CARLTON HOUSE, INC., Respondent, v GOUBAUD DE PARIS FIFTH AVENUE, LTD., Defendant, and GOUBAUD DE PARIS, INC., et al., Appellants.— Order, Supreme Court, New York County, entered on April 13, 1976, denying defendants' motion for summary judgment, unanimously reversed, on the law, and motion granted. Appellants shall recover of respondent $60 costs and disbursements of this appeal. The complaint fails to allege any viable claim against the defendants-appellants. Requisite elements of fraud have not been alleged and the purported oral representations relied upon by plaintiff are clearly insufficient, in view of the merger clause contained in paragraph "20" of the lease agreement in suit. Plaintiff's reliance on paragraph "45" thereof is totally misplaced. That paragraph merely provides that if any removable fixtures are installed by the tenant they may be removed by it at the expiration of the lease term at the tenant's expense, provided that the premises are restored to their present condition. This paragraph obviously does not require that any assets or fixtures be placed on the premises and does not constitute a representation concerning the ownership thereof. It was not meant to provide security for payments due under the lease. In short, that paragraph is totally irrelevant to the claims sought to be asserted. Concur—Murphy, P. J., Lupiano, Evans, Capozzoli and Markewich, JJ.